IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:14-CV-68

JESSE G. YATES, III AND MELISSA )
YATES, )
 )
 )
      **Plaintiffs,** )
 )
v. )   <u>ORDER</u>
 )
JULIE GARRISON, )
 )
      **Defendant.** )
 )

**BEFORE THE COURT** are Plaintiffs Jesse G. Yates and Melissa Yates' "Request for Summary Judgment for the Yates Family and against Julie Garrison," (Doc. 5), and Defendant Julie Garrison's Motion to Dismiss, (Doc. 6). Plaintiffs have filed a response to the motion to dismiss. (Doc. 8).

I.    Factual Overview

The facts are taken from the Complaint. Julie Garrison ("Garrison") worked for the IRS in auditing the Plaintiffs with regard to a tax action instituted by the Internal Revenue Service ("IRS"). (Doc. 1, Compl., at ¶ 7). Garrison allegedly failed to audit and value Plaintiffs' property in accordance with the IRS's guidelines. Garrison also allegedly told Plaintiffs and their certified public accountant that she would testify during the trial, but did not do so. (Doc. 1, at 5, 17). Multiple references to the underlying proceeding were made by Plaintiffs. The Court believes Plaintiffs are referring to the case of *Yates v. C.I.R.*, 105 T.C.M. (CCH) 1205 (T.C.) *aff'd*, 548 F. App'x 68 (4th Cir. 2013) *cert. denied*, 134 S. Ct. 2293, 189 L. Ed. 2d 179 (2014).[1] Plaintiffs seek monetary damages. Plaintiffs are claiming damages that appear to be the amount

---

[1] The Court judicially notices this decision. *Veney v. Wyche*, 293 F.3d 726 (4th Cir. 2002).

1

they owe the IRS and the cost of complying with an IRS-initiated audit. (Doc. 1, at 5) ("We ask for $120,000 in IRS judgments plus $66,000 in CPA babysitting fees; treble, or $558,000.00).

II.  Failure to State a Claim

   A.  Legal Standard

A motion filed pursuant to 12(b)(6) of the Federal Rules of Civil Procedure challenges the legal sufficiency of a complaint. *Jordan v. Alternatives Res. Corp.*, 458 F.3d 332, 338 (4th Cir.2006); *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir.2009). While a complaint need not contain detailed factual allegations, the courts require more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (applying Rule 8). Specifically, plaintiffs may proceed into the litigation process "only when their complaints are justified by both law and fact." *Francis*, 588 F.3d at 193. To be justified by fact, courts must overlook "conclusory, unwarranted deductions of fact, or unreasonable inferences," and not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Veney v. Wyche*, 293 F.3d 726 (4th Cir. 2002).

"Federal Rules of Civil Procedure 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47, (1957)). The decisive standard is that the combined allegations, taken as true, must state a "plausible," not merely conceivable, case for relief. *Sepúlveda–Villarini v. Dep't of Educ. of P.R.*, 628 F.3d 25, 29 (1st Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679) (citations omitted)). To have facial plausibility—a standard that lies between the outer boundaries of a probability requirement and the mere possibility of unlawful

2

conduct—the pleading must contain factual content that permits the court, using its "judicial experience and common sense," reasonably to infer the defendant's liability. *Id.*

When ruling on a Rule 12(b)(6) motion, the Court accepts "as true all well-pleaded allegations and view[s] the complaint in the light most favorable to the plaintiff. *Phillips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

        B.      Standards for Pro Se Litigants

C. Standards for Pro Se Litigants

"A document filed *pro se* is 'to be liberally construed' . . . [and] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, *Erickson* does not "undermine *Twombly*'s requirement that a pleading contain 'more than labels and conclusions.'" *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555)). Further, the liberal construction afforded to pro se litigants "does not require [district] courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). District judges are neither advocates for *pro se* litigants nor mind readers. *Id.*; *Weller v. Dep't of Soc. Svcs.*, 902 F.2d 387, 390-91 (4th Cir. 1990).

        D.      Claims Presented by the Complaint

At the outset, the Court must construe what claims Plaintiffs are making. The Court finds that Plaintiffs are advancing the following claims: a *Bivens* claim; (2) an improperly brought 26 U.S.C. § 7433 claim; and (3) a claim under 18 U.S.C. § 1964. *See* (Doc. 1, "Legal Basis to [*sic*] Suit," at 6).

3

E.  Plaintiffs' Claim under *Bivens* is Dismissed

Plaintiffs assert that the Supreme Court's decision in *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) grants them a cause of action against Garrison. "In *Bivens*, the Supreme Court found that the Fourth Amendment contained an implied cause of action for damages against federal narcotics agents who allegedly conducted an illegal search and seizure." *Judicial Watch, Inc. v. Rossotti*, 317 F.3d 401, 409 (4th Cir. 2003). The Supreme Court has refused "to extend *Bivens* . . . in cases involving complex statutory schemes in which Congress has considered and created meaningful avenues for redress." *Id.; see also Hudson Valley Black Press v. I.R.S.*, 409 F.3d 106, 111 (2d Cir. 2005). The Fourth Circuit has found that the Internal Revenue Code is exactly the type of statutory scheme that provides meaningful review. *Id.* Given that Congress has provided meaningful review under the Internal Revenue Code and the fact that the Fourth Circuit has refused to extend *Bivens* to situations such as a retaliatory audit, *Id.*, the Court finds that Plaintiff may not pursue a *Bivens* theory in the instant case. Therefore, Plaintiffs' allegations fail to state a *Bivens* claim as a matter of law.

F.  Plaintiffs' 26 U.S.C. § 7433 Claim is Dismissed

Plaintiffs allege that 26 U.S.C. § 7433 provides a basis for relief against Garrison.[2] 26 U.S.C. § 7433(a) provides, in pertinent part, that:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the ***United States*** in a district court of the United States.

(emphasis added). The actions Plaintiffs complain of occurred in the course of an audit, which is not part of the collection of a tax but rather the examination and assessment of a tax. *Riley v.*

---

[2] Plaintiffs refer to the "IRS Restructuring & Reform of 1988" as a basis for relief. However, a comparison of the pleadings with § 7433, particularly the amount of damages that can be awarded, makes it clear that Plaintiffs are referring to the Taxpayer Bill of Rights.

*Bartlett*, No. 6:14-350-TMC-KFM, 2014 WL 4746289, at *4 (D.S.C. Aug. 13, 2014) *report and recommendation adopted,* No. CIV.A. 6:14-350-TMC, 2014 WL 4417708 (D.S.C. Sept. 8, 2014). Therefore, Garrison's actions are not within the scope of 26 U.S.C. § 7433. Accordingly, this cause of action is dismissed.

As an independent ground, Plaintiffs' cause of action fails to state a claim because the United States, not an individual IRS employee, is the proper party to a § 7433 claim. *Holt v. Davidson*, 441 F. Supp. 2d 92, 97 (D.D.C. 2006); *Johnson v. Barr*, No. 7:11-CV-104-BO, 2012 WL 7983770, at *1 (E.D.N.C. Oct. 2, 2012) *aff'd,* 514 F. App'x 343 (4th Cir. 2013) *cert. denied,* 134 S. Ct. 284, 187 L. Ed. 2d 151 (2013).

Plaintiffs reference Section 1203 of Public Law 105-206, entitled "Termination of Employment for Misconduct."[3] "Section 1203 does not provide a private right of action for money damages or injunctive relief." *Engel v. Leeks*, No. CIV.A. 02-2226-CM, 2004 WL 1004940, at *2 (D. Kan. Mar. 31, 2004); *see also Kenny v. United States*, No. CIV.A. 08-3921 (GEB), 2009 WL 276511, at *5 (D.N.J. Feb. 5, 2009). Therefore, Plaintiffs cannot bring a claim under § 1203.

G. Plaintiffs' RICO Claim is Dismissed

Plaintiffs also brings a claim under the civil remedy provision of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*[4]

Plaintiffs are specifically bringing their RICO claim under § 1962(c) which makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the

---

[3] Section 1203 is codified as a note to 26 U.S.C. § 7804.
[4] "Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee." 18 U.S.C. § 1964(c).

activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."

Thus, in order to state a claim under § 1962(c), Plaintiffs must allege facts sufficient to show that the defendant engaged in (1) conduct (2) of an enterprise (3) through a pattern (4) of a racketeering activity. *See Sedima, S.P.R.L. v. Imrex Co., Inc.* 473 U.S. 479, 496 (1985).

Defendant takes issue with the "pattern of racketeering activity" requirement present in all sections of § 1962. A "'pattern of racketeering activity' requires at least two acts of racketeering activity . . . the last of which occurred within ten years . . . after the commission of a prior act of racketeering activity." 18 U.S.C. § 1961(5). Racketeering activity is any one of a long list of specified crimes in 18 U.S.C. § 1961(1).

Plaintiffs have alleged that Garrison engaged in extortion, (Doc. 1, at 12), obstruction of justice, (Doc. 1, at 12), and acts of terrorism, (Doc. 1, at 13).

1. Extortion

Racketeering activity includes extortion under applicable state or federal law. 18 U.S.C. § 1961(A)-(B).

The North Carolina statute defining extortion provides that "[a]ny person who threatens or communicates a threat or threats to another with the intention thereby wrongfully to obtain anything of value or any acquittance, advantage, or immunity is guilty of extortion." N.C. Gen. Stat. § 14-118.4.

Under Federal law extortion is "defined as 'the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under

6

color of official right." *US Airline Pilots Ass'n v. Awappa, LLC*, 615 F.3d 312, 317 (4th Cir. 2010) (quoting 18 U.S.C. §§ 1951(b)(2)).

Plaintiff has failed to state an extortion claim under either statute because her allegations do not plausibly state that Garrison obtained anything. Accordingly, Plaintiffs have not stated a RICO violation predicated on extortion.

2. Obstruction of Justice

A RICO violation can be predicated on obstruction of justice. 18 U.S.C. § 1961(1)(B). The statute addressing obstruction of justice is 18 U.S.C. § 1503. Given that Defendant's conduct as alleged must come within the omnibus clause[5] of §1503, the elements required to prove obstruction of justice are "(1) a pending judicial proceeding; (2) the defendant must have knowledge or notice of the pending proceeding; and (3) the defendant must have acted corruptly, that is with the intent to influence, obstruct, or impede that proceeding in its due administration of justice." *United States v. Grubb*, 11 F.3d 426, 437 (4th Cir. 1993). "The Supreme Court has instructed that under § 1503, the [plaintiff] is not required to demonstrate that justice was actually obstructed; rather, the [plaintiff] must prove only that 'the endeavor [has] the natural and probable effect of interfering with the due administration of justice.'" *United States v. Blair*, 661 F.3d 755, 766 (4th Cir. 2011) (quoting *United States v. Aguilar*, 515 U.S. 593, 599, (1995)). This is referred to as the nexus requirement. Garrison must have acted "with an intent to influence judicial or grand jury proceedings; it is not enough that there be an intent to influence some ancillary proceeding, such as an investigation independent of the court's or grand jury's authority." *Aguilar*, 515 U.S. at 599. There must exist a nexus "in time, causation, or logic with the judicial proceedings." *Id.*

---

[5] § 1503 has two clauses. One details specific obstructive conduct and the Complaint does not have allegations that fall within its ambit. Therefore, Plaintiffs allegations must refer to the second clause, referred to as the omnibus clause. *See United States v. Aguilar*, 515 U.S. 593, 598-99 (1995)).

7

Plaintiffs allege that Garrison's failure to interview witnesses and failure to show up to court to testify after promising to do so amounts to an obstruction of justice within § 1503. (Doc. 1, at 12).

Plaintiffs, by all accounts, had a full and fair opportunity to present their case in the underlying proceeding. Plaintiffs had all the tools every litigant has in a tax court case. The Court finds that the Plaintiffs have not sufficiently alleged that Garrison's alleged failure to interview witnesses amounts to an obstruction of justice under § 1961(1)(B). Furthermore, Plaintiffs had a method for ensuring that Garrison attended the proceeding by issuing a subpoena. Plaintiffs could have even asked the Tax Court at trial for a continuance and a bench subpoena. In summary, the Court finds that the circumstances as pled cannot amount to obstruction of justice under § 1503 and, therefore, cannot amount to a predicate act.

3. Terrorism

Racketeering may also include the Federal crime of terrorism[6] as defined under 18 U.S.C. §2332b(g)(5)(B). Plaintiffs' allegations regarding terrorism are as follows:

> It is an act of personal domestic terrorism to look at 6 signatures on one contract for 4 years and never ask why any of the three people who signed the contract if they signed it; and then facilitate IRS counsel alleging criminal fraud on the opening morning of a two day tax trial with three lawyers while the tax payers are with none.

(Doc. 12, at 13). These allegations fall far short of what is required under the Federal crime of terrorism and are merely argumentative. Therefore, Plaintiffs have not stated a RICO violation predicated on the Federal crime of terrorism.

Given that Plaintiffs have failed to sufficiently plead any predicate act, their RICO claim is dismissed.

H. Potential Remaining Claims

---

[6] 18 U.S.C. § 1961(1)(G).

Plaintiffs appear to be making all claims pursuant to the statutes addressed above. However, to the extent Plaintiffs are making other claims, they are also dismissed because of the doctrine of qualified immunity or sovereign immunity.

Auditing a tax return is a discretionary function, *see* Johnson v. United States, 680 F. Supp. 508, 514 (E.D.N.Y. 1987) (stating that auditing is "arguably discretionary" under the Federal Tort Claims Act), and plaintiffs have not made out a cause of action that shows Garrison violated any rights, let alone clearly established ones. *See West v. Murphy*, No. 13-2014, 2014 WL 5906589, at *3 (4th Cir. Nov. 14, 2014) (detailing qualified immunity analysis). Much of the allegations directed at Garrison are due to the length of her audit. Persistence in pursuing an audit does not amount to a violation of clearly established rights. Further, insofar as Garrison's audit failed to comply with IRS procedure, "[t]he [internal revenue manual] does not have the force and effect of law and does not confer rights on taxpayers." *Johnson v. United States*, 861 F. Supp. 2d 609, 618 (D. Md. 2012) *aff'd*, 734 F.3d 352 (4th Cir. 2013). Therefore, Garrison has qualified immunity for her actions.

Moreover, it appears that all allegations of misconduct by Garrison show that her actions were taken in her official capacity as an IRS agent and should properly be brought against the United States. *Riley v. Bartlett*, No. 6:14-350-TMC-KFM, 2014 WL 4746289, at *2 (D.S.C. Aug. 13, 2014) ("The plaintiff's claims for relief are properly viewed as claims against the United States because the United States is the proper defendant in actions against IRS employees in which the taxpayer alleges misconduct by the IRS employees with respect to taxes.") *report and recommendation adopted*, No. CIV.A. 6:14-350-TMC, 2014 WL 4417708 (D.S.C. Sept. 8, 2014). Further, it has also been specifically held that where Plaintiffs seek money damages and claim that "their constitutional rights had been violated by . . . IRS agents in the course of [an]

9

audit" that such a suit was directed at the IRS agent in his or her official capacity and thus the proper party was the United States. *Johnson v. Barr*, No. 7:11-CV-104-BO, 2012 WL 7983770, at *1 (E.D.N.C. Oct. 2, 2012) *aff'd*, 514 F. App'x 343 (4th Cir. 2013) *cert. denied*, 134 S. Ct. 284, 187 L. Ed. 2d 151 (2013).

The Federal Tort Claims Act does not allow such suits to proceed. *See Riley* (citing 28 U.S.C. § 2680(c) and providing that the court lacks subject matter jurisdiction to consider such claims). The Court may address lack of subject-matter jurisdiction *sua sponte*. Fed. R. Civ. P. 4(h)(3). Therefore, for this additional reason, Plaintiffs claims are dismissed.

III.    Plaintiffs' Request for Summary Judgment

Plaintiffs' Request for Summary Judgment is based on the timeliness of Garrison's answer to Plaintiffs' Complaint.[7] Plaintiffs assert that because Garrison has not answered the complaint forty days after the date of service, which they represent to be May 15, 2014, that they are entitled to summary judgment. (Doc. 5).[8]

Plaintiffs appear to recognize that they must serve the United States attorney. (Doc. 5, at 2) ("If the Yates family has an obligation to serve the Federal attorney per the court, please feel free to direct us to do the same."). In fact, a portion of Garrison's Motion to Dismiss deals with Plaintiffs' failure to perfect service in accordance with the requirements of Rule 4.

Rule 4(i)(3) requires that to properly serve a "United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf . . . a party must serve the United States and also serve the officer or employee."

---

[7] Plaintiffs also invite the Court to require that the United States Department of Justice refuse to represent Garrison in this proceeding. Given that Plaintiffs have asserted no legal basis for doing so, the Court declines to address this argument.

[8] The Court infers that Plaintiffs are seeking an entry of default and a default judgment.

10

Given that Garrison is not obligated to serve an answer until the United States attorney is served, Fed. R. Civ. Pro. 12(a)(3), the court will decline to grant any relief requested under "Plaintiffs' Request for Summary Judgment," (Doc. 5).

**IT IS, THERFORE, ORDERED THAT**

(1) Plaintiffs' Request for Summary Judgment (Doc. 5) be **DENIED**; and

(2) Defendant Garrison's Motion to Dismiss (Doc. 6) be **GRANTED** as to all counts.

Signed: November 19, 2014

Richard L. Voorhees
United States District Judge